IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHELDON STEPHENS**, | : | CIVIL ACTION NO. 1:13-CV-712 |
| | : | |
| Plaintiff, | : | (Chief Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **KEVIN CLASH**, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM**

Plaintiff Sheldon Stephens ("Stephens") filed an amended complaint in the above-captioned action, alleging a claim for sexual battery arising from childhood sexual abuse. (Doc. 30). Presently before the court is defendant Kevin Clash's ("Clash") motion to dismiss the amended complaint (Doc. 31) under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons that follow, the court will grant the motion.

**I.   Factual and Procedural Background[1]**

Plaintiff Sheldon Stephens was born in July 1988[2] and resides in Harrisburg, Pennsylvania. (Doc. 30 ¶¶ 1, 8). Defendant Kevin Clash was born in 1960 and resides in New York. (Id. ¶¶ 2, 7). Clash is a known puppeteer and voice actor for

---

[1] The instant motion to dismiss comes before the court pursuant to Federal Rule of Civil Procedure 12(b)(6). Accordingly, the court will "accept all well-pleaded allegations in the complaint as true, and view them in the light most favorable to the plaintiff." Carino v. Stefan, 376 F.3d 156, 159 (3d Cir. 2004).

[2] The court notes that Stephens does not provide his specific date of birth in the amended complaint.

children's programming, including the voice of Elmo on the television show, Sesame Street. (Id. ¶ 2).

In or about 2004, at the age of sixteen, Stephens met Clash at a social networking event for models and actors. (Id. ¶ 9). At their first meeting, Clash offered to help Stephens with his acting career. (Id. ¶ 10). Clash encouraged Stephens to verify his background and credentials on the Internet and to send him modeling pictures for distribution to his contacts in the industry. (Id.) After the networking event, Stephens and Clash remained in contact by telephone. (Id.)

During these telephone conversations, Clash allegedly showered Stephens with attention and affection and expressed an interest in having a sexual relationship with Stephens. (Id. ¶ 11). Eventually, Clash persuaded Stephens to visit him in New York and arranged for a chauffeur to transport Stephens from Harrisburg to New York. (Id. ¶ 12). After Stephens arrived at Clash's apartment in New York, Stephens and Clash purportedly engaged in sexual intercourse. (Id. ¶ 13). Stephens further describes additional sexual interactions on other trips to New York and alleges that Clash used his age and experience, celebrity status, and control over transportation to exert power and authority over Stephens. (Id. ¶¶ 13-14, 23-26). According to the amended complaint, this pattern of sexual activity

began when Stephens was sixteen years old and continued over a period of several years.[3]  (Id. ¶ 13).

On March 18, 2013, Stephens filed a complaint (Doc. 1) against Clash, alleging violations of the Child Abuse Victims' Rights Act of 1986, 18 U.S.C. § 2251 *et seq*., and a claim for battery based upon childhood sexual abuse under Pennsylvania law. See 42 PA. CONS. STAT. ANN. § 5533(b).  On November 18, 2013, the court granted Clash's Rule 12(b)(6) motion to dismiss (Doc. 11) on the claims brought under the Child Abuse Victims' Rights Act for failure to comply with the applicable statute of limitations.  (Docs. 26, 27).  In a Stipulation and Order dated November 27, 2013 (Doc. 29), the court also resolved the remaining issue of subject-matter jurisdiction over the common law battery claim and allowed Stephens to file an amended complaint.  (Id. at 1).

On December 2, 2013, Stephens filed the amended complaint (Doc. 30) for sexual battery arising from childhood sexual abuse.  See 42 PA. CONS. STAT. ANN. § 5533(b).  Stephens alleges that, as a minor, he was neither emotionally nor psychologically prepared for a sexual relationship with an adult.  (Doc. 30 ¶ 16).  Moreover, as a compliant victim who received much attention and affection, Stephens was not immediately aware of the adverse psychological and emotional

---

[3] The court notes that Stephens does not provide the date of the last sexual encounter.  (Doc. 30 ¶¶ 3, 13).  A battery claim arising from childhood sexual abuse clearly applies only to sexual activity with a minor.  Thus, the last possible date that a claim for sexual battery could accrue is one day before Stephens' eighteenth birthday in July 2006.

effects, nor did he become aware of his injuries, or their causal connection to Clash's conduct, until 2011. (Id. ¶¶ 3, 16-17).

On December 30, 2013, Clash filed the instant motion to dismiss (Doc. 31), asserting, *inter alia*, that the New York statute of limitations applies to this case and bars Stephens' sexual battery claim. (Doc. 32 at 3-11). Stephens opposes the motion to dismiss on grounds that Pennsylvania's infancy statute for claims arising from childhood sexual abuse tolls the statute of limitations and revives his claim. (Doc. 35 at 3-8). The motion is fully briefed and ripe for disposition.

## II.    Jurisdiction and Legal Standard

The court exercises diversity jurisdiction over the instant matter because the parties are completely diverse of citizenship and the amount in controversy exceeds $75,000. (Doc. 30 ¶ 4); see 28 U.S.C. § 1332(a).

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint that fails to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009) (quoting Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)); see also Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint, the court must conduct a three-step inquiry. See Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded. Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Federal Rule of Civil Procedure 8(c) classifies a statute of limitations claim as an affirmative defense that must be pled in an answer to the complaint. See FED. R. CIV. P. 8(c). Nevertheless, the court may dismiss a complaint as time-barred if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Robinson v. Johnson, 313 F.3d 128, 135

(3d Cir. 2002) (quoting Hanna v. U.S. Veterans' Admin. Hosp., 514 F.2d 1092, 1094 (3d Cir. 1974)); see also Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994) ("While the language of Fed. R. Civ. P. 8(c) indicates that a statute of limitations defense cannot be used in the context of a Rule 12(b)(6) motion to dismiss, an exception is made where the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading.").

## III.   Discussion

The sole issue before the court is whether the applicable statute of limitations bars the claim for battery arising from childhood sexual abuse.[4]  First, the court must determine whether New York or Pennsylvania's statute of limitations for sexual battery claims applies under Pennsylvania's Uniform Statute of Limitations on Foreign Claims Act, 42 PA. CONS. STAT. ANN. § 5521, also known as the "borrowing statute."  (See Doc. 32 at 3-11).  Second, the court must decide whether Pennsylvania's infancy statute relating to childhood sexual abuse claims revives the

---

[4] The court may consider Clash's statute of limitations defense in the context of his Rule 12(b)(6) motion to dismiss because the complaint is facially non-compliant with both the one-year statute of limitations applicable to battery claims in New York and the two-year statute of limitations in Pennsylvania.  See 42 PA. CONS. STAT. ANN. § 5524; N.Y. C.P.L.R. 215(3); see also Robinson, 313 F.3d at 135; Oshiver, 38 F.3d at 1384 n.1.  In his amended complaint, Stephens indicates that the injurious sexual contact first occurred in 2004 when he was sixteen years old.  (Doc. 30 ¶ 13).  However, the latest possible date Clash could commit sexual battery upon a child is the day before Stephens turned eighteen in July 2006.  Therefore, absent an exception to the statutes of limitation, the complaint would be time-barred if filed anytime after July 2008.  The court notes that the complaint in this case was filed in March 2013.  (See Doc. 1).

sexual battery claim under the applicable statute of limitations.  (See Doc. 35 at 3-8).  The court will address each question *seriatim*.

### A.     **Applicable Statute of Limitations for Sexual Battery Claims**

In order to determine the applicable statute of limitations, the court must conduct a choice-of-law analysis.  A federal court sitting in diversity must apply the choice-of-law rules of the state in which it sits.  Guar. Trust Co. of N.Y. v. York, 326 U.S. 99, 108-09 (1945); see also Gasperini v. Ctr. for Humanities, Inc., 518 U.S. 415, 427 (1996) ("Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law."); Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941) (stating that choice-of-law rules are considered substantive law); Ross v. Johns–Manville Corp., 766 F.2d 823, 826 (3d Cir. 1985).  Thus, the court will look to Pennsylvania choice-of-law rules to determine the applicable statute of limitations for a sexual battery claim.

Pennsylvania courts generally apply its own statutes of limitations except when the claim accrues in a foreign jurisdiction.  Ross, 766 F.2d at 826 & n.3.  Under Pennsylvania's borrowing statute, "[t]he period of limitation applicable to a claim accruing outside this Commonwealth shall be either that provided or prescribed by the law of the place where the claim accrued or by the law of the Commonwealth, whichever first bars the claim."  42 PA. CONS. STAT. ANN. § 5521(b).  In determining which state bars the claim first, the court also considers the laws regarding when the statute of limitations begins to run and the applicability of any tolling

provisions.  Frankentek Residential Sys., LLC v. Buerger, No. 2:12-CV-00767, 2014 WL 1623775, at *4 (E.D. Pa. Apr. 24, 2014).

In the case *sub judice*, the parties ostensibly agree that the cause of action for sexual battery accrued in the state of New York no later than when Stephens turned eighteen in July 2006.  (Doc. 32 at 6-7; Doc. 35 at 7; Doc. 38 at 6, 9).  A claim accrues where and when "the final significant event that is essential to a suable claim occurs."  Mack Trucks, Inc. v. Bendix–Westinghouse Auto. Air Brake Co., 372 F.2d 18, 20 (3d Cir. 1966).  According to the amended complaint, Stephens and Clash met for the first time at a social networking event in Pennsylvania.  (Doc. 30 ¶ 9).  However, the actions giving rise to a sexual battery claim occurred when Clash provided transportation for Stephens to visit him and engaged in sexual relations with Stephens in New York.  (Id. ¶¶ 12-14).  Because the sexual battery claim accrued outside Pennsylvania, the court must determine whether the statute of limitations in New York or Pennsylvania is applicable to the instant action.

In Pennsylvania, the statute of limitations for battery or personal injuries due to negligence or wrongful act is two years.  42 PA. CONS. STAT. ANN. § 5524.  However, for civil actions arising from childhood sexual abuse, the infancy statute tolls the statute of limitations for twelve years after the minor reaches the age of eighteen.  42 PA. CONS. STAT. ANN. § 5533(b)(2).  In contrast, the statute of limitations for battery in New York is only one year.  N.Y. C.P.L.R. 215(3).  Moreover, under New York's infancy statute, a minor who turns eighteen merely retains the applicable statute of limitations to file a claim with a statute of

8

limitations of fewer than three years.  N.Y. C.P.L.R. 208; see also Donovan v. Idant Labs., 625 F. Supp. 2d 256, 265 (E.D. Pa. 2009), aff'd sub nom. D.D. v. Idant Labs., 374 F. App'x 319 (3d Cir. 2010).  Thus, under the borrowing statute, Stephens' sexual battery claim is subject to New York's one-year statute of limitations after reaching the age of majority.[5]  Here, Stephens turned eighteen in July 2006, but he failed to file his claim until March 2013.  Therefore, Stephens' claim for sexual battery is time-barred under the applicable statute of limitations.

**B.     Applicability of Pennsylvania's Infancy Statute**

Stephens contends that, even if New York's statute of limitations bars the sexual battery claim, the court should apply Pennsylvania's infancy statute for claims based upon childhood sexual abuse.  (Doc. 35 at 3-8).  According to Stephens, tolling and accrual provisions are separate and distinct from statutes of limitations.  (Id. at 4).  This argument is unavailing.

The purpose of Pennsylvania's borrowing statute is "to prevent a plaintiff who sues in Pennsylvania from obtaining greater rights than those available in the state where the cause of action arose."  Gwaltney v. Stone, 564 A.2d 498, 503 (Pa.

---

[5] Alternatively, Clash argues that the claim for sexual battery upon a child did not come within a five-year statute of limitations applicable to civil claims for acts that qualify as rape, criminal sexual act in the first degree, aggravated sexual abuse in the first degree, or course of sexual conduct against a child in the first degree as defined in the New York Penal Code. (Doc. 32 at 10-11); see N.Y. C.P.L.R. 213-c. However, each of the criminal acts giving rise to a civil cause of action requires a victim who is under the age of eleven or, in some cases, under the age of thirteen. See N.Y. PENAL LAW §§ 130.35, 130.50, 130.70, 130.75.  Because the amended complaint does not allege any sexual misconduct prior to the age of sixteen, the court need not consider this argument.

9

Super. Ct. 1989); see also Ross, 766 F.2d at 827-28 ("[The borrowing statute] was intended to guard against forum shopping by providing that a foreign claim cannot be maintained if it is barred by the statute of limitations of the foreign state."). In accordance with this purpose, the court will apply the tolling provision of the state whose laws apply under the borrowing statute. See RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 142 cmt. f (1971) ("In applying the statutes of limitations of the state referred to in its borrowing statute, the forum will apply such local law rules of the foreign state, . . . which bear upon the question whether the foreign statutory period has run."); RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 142 note on cmt. f ("The majority rule is that the forum will apply the tolling provisions of the state referred to by its borrowing statute."); UNIF. CONFLICT OF LAWS–LIMITATIONS ACT § 3 (1982) ("If the statute of limitations of another state applies to the assertion of a claim in this State, the other state's relevant statutes and other rules of law governing tolling and accrual apply in computing the limitation period."); see also Ross, 766 F.2d at 828 ("[W]e note that Pennsylvania follows the Restatement approach in applying the statute of limitations of the [applicable] state.").[6]

---

[6] Stephens mistakenly relies upon Ross to support a distinction between the statute of limitations and its tolling provisions. (See Doc. 35 at 4). In Ross, the Third Circuit did not directly apply the borrowing statute, but nevertheless engaged in a choice-of-law analysis regarding the accrual of claims. Ross, 766 F.2d at 826-28. The panel first assessed the rules governing accrual for a two-year limitations period in both Pennsylvania and the foreign state. Id. The panel then concluded that the plaintiff could not bring a cause of action in Pennsylvania and seek a longer statute of limitations based on more favorable accrual rules in the foreign state. Id. at 827-28. The Third Circuit explained that this conclusion complied with Section 142 of the Restatement (Second) Conflict of Laws, which suggests that the law of

In the instant action, the court previously determined that Pennsylvania's borrowing statute implicates the New York statute of limitations for sexual battery claims. Therefore, the court will apply New York's infancy tolling provision, and not Pennsylvania's tolling provision for childhood sexual abuse. See Idant Labs., 625 F. Supp. 2d at 265 (finding that Pennsylvania's statute of limitations and infancy tolling statute first bar the contracts claim rather than New York's statute of limitations and infancy tolling statute); see also Hatfield v. Halifax PLC, 564 F.3d 1177, 1184 (9th Cir. 2009) (upon determining that the English statute of limitations applies, the court also applied the English law governing tolling to determine whether tolling saved the otherwise untimely claim). Because Stephens failed to file his sexual battery claim by July 2007, or within one year after reaching the age of majority, the statute of limitations bars the instant action.

---

the applicable forum "also determines all matters involving the application of the statute of limitations." Id. at 828 (quoting RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 142 cmt. a). "For example, the law of the forum determines whether and under what circumstances a statute of limitations can be tolled." Id. Thus, the Ross court *reinforced* the notion that the applicable statute of limitations encompasses the issues of claim accrual and tolling.

**IV.     Conclusion**

For the above-stated reasons, the court will grant Clash's motion to dismiss the amended complaint.  (Doc. 31).

An appropriate order follows.

        /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:     June 19, 2014